IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kimberla Linton, ) | Civil Action No.: 4:03-3067-RBH |
| ) | 4:04-0645-RBH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Chesterfield County School District, ) | |
| ) | |
| Defendant. ) | |
| ) | |

In this matter, the plaintiff, Kimberla Linton ("Linton"), originally filed a complaint (03-3067) in the Chesterfield County Court of Common Pleas on August 28, 2003, alleging a state law breach of contract cause of action, as well as a violation of 42 U.S.C. § 1981 via § 1983. Defendant timely removed the action to this Court on September 25, 2003. On March 1, 2004, the plaintiff filed a second complaint (04-0645) alleging violations of Title VII. The Court consolidated the two cases on May 13, 2004. On January 18, 2005, the defendant filed a motion for summary judgement.

Pursuant to the provisions of Title 28 U.S.C. § 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), (D.S.C.), all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration. This matter is now before the undersigned for review of the Report and Recommendation ("Report"), which was filed by United States Magistrate Judge Thomas E. Rogers, III, on August 19, 2005. In his Report, Magistrate Judge Rogers carefully considers the issues and recommends that the defendant's motion for summary judgment regarding the plaintiff's claims under Title VII and § 1981 via § 1983 be denied. Magistrate Judge Rogers also recommends that summary judgment be granted as to the plaintiff's breach of contract cause of action under state law. Defendant filed objections to the Report on September 2, 2005, and Plaintiff has filed no

1

objections.

In conducting this review, the Court applies the following standard:

The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections . . .. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

**Facts**

The Court agrees with the factual and procedural background as set forth by the Magistrate Judge in his Report and Recommendation. The Court therefore adopts the Magistrate Judge's version of the facts in this case.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." Pulliam Inv. Co. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the Court must view the evidence before it and the inferences to be drawn

2

therefrom in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The nonmoving party, here the plaintiff, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. National Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995).

## Discussion

As stated above, the defendant filed specific objections to the Report on September 2, 2005, alleging that the Magistrate Judge erroneously recommended denying summary judgment on Plaintiff's claim for a racially discriminatory failure to promote or hire under Title VII of the Civil Rights Act of 1964, as amended, and/or 42 U.S.C. § 1981. The Court will address the objections as follows:

**1) Deviation from the Job Posting**

The defendant first argues that the Magistrate Judge erroneously concluded that its deviation from its job posting created a genuine issue of material fact regarding whether its articulated reasons for not promoting the plaintiff were a pretext. The defendant points out that the Magistrate Judge correctly noted in his Report that defendant's legitimate, nondiscriminatory reasons for not hiring the plaintiff in the principal position was because of her unsuccessful interview, her lack of experience in working with younger students as compared to Mr. Nutt, and her questionable judgment in

3

choosing to involve a school board member in her personal situations with the defendant rather than following the chain of command. The defendant points out that despite the undisputed evidence that it did not choose the plaintiff for the principal position for these reasons, the Magistrate Judge concluded that an issue of material fact existed with regard to whether the reasons were pretextual because the successful candidate, David Nutt, had less than the "five years successful teaching experience required" in the defendant's job posting for the position. The defendant submits that the Magistrate Judge's finding is flawed for two reasons.

First, the defendant argues that the purported policy deviation is completely unrelated to the reasons offered for the plaintiff's non-promotion, and thus, it cannot cast doubt on the undisputed reasons the defendant has articulated. While the defendant acknowledges that courts have recognized that an employer's failure to follow its own policies may support an inference of pretext, it cites to several federal court opinions in other circuits which have held that when the purported deviation affects not just the plaintiff but all other candidates, it is not evidence of pretext. After reviewing this case law from other circuits, this Court is not convinced that an issue of fact does not exist as to the legitimacy of the defendant's explanation for not adhering to the job posting requirements. Interestingly, when citing cases for the above stated proposition the defendant cites to the Fourth Circuit Court of Appeals unpublished opinion in Obi v. Anne Arundel County, Md., 28 Fed. Appx. 333 (4th Cir. 2002). In that case, the Fourth Circuit did not reach a conclusion that supports the proposition the defendants cite it for, however, the Court held that an alleged violation of company policy of favoring internal versus external candidates does not implicate Title VII unless the plaintiff can show the policy was implemented differently based on a prohibited classification, such as race or national origin. Id. at 336. In this case, in the light most favorable to the plaintiff, a genuine issue of fact exists as to whether the defendant waived its job posting required qualification of at least five

4

(5) years of successful teaching based on a prohibited classification. As the Magistrate Judge stated in his Report, the job posting for the principal position contained a "required" qualification of five years teaching experience which the plaintiff possessed and Mr. Nutt did not possess. The defendant countered this undisputed fact with evidence that although the form states that it is "required," it is not unusual to deviate from the standard qualifications contained in the job posting. The Magistrate Judge found that it is unclear whether or not prior deviations have involved "required" qualifications or "contingent" qualifications. Nevertheless, the defendant did waive a "required" qualification for Mr. Nutt, who is a white male. This court agrees with the Magistrate Judge's finding that in the light most favorable to the plaintiff, the defendant's explanation may be considered suspect. As the Magistrate Judge stated in his Report, how would an applicant, or a prospective applicant, know that the "requirement" is not actually required? The Magistrate Judge also stated that the form speaks for itself and there is no room for interpreting the job posting in any way other than it was required. Nevertheless, the "requirement" was not adhered to when Mr. Nutt applied for the position. In light most favorable to the plaintiff, a genuine issue of fact exists as to whether the required qualification was waived based on a prohibited classification. Therefore, after considering the defendant's argument in this regard, the court overrules this objection.

     The defendant next argues that the Magistrate Judge's reasoning is flawed because nothing is so suspicious about the defendant's decision to let Mr. Nutt's candidacy pass the initial screening such that it undercuts the undisputed reasons the district hired him instead of Linton or any other candidate. Essentially, the defendant is again arguing that its failure to adhere to the job posting requirements is unrelated and does not affect its undisputed reasons for not hiring the plaintiff. However, this Court agrees with the Magistrate Judge's conclusion that if a reasonable juror found the defendant's explanation of not adhering to the job posting requirement is false, it follows that the

5

defendant's legitimate, non-discriminatory reasons proffered are tainted.  Therefore, the defendant's objection in this regard is overruled.

**2)  2004 Appointments**

The defendant next argues that its decision to fill two vacant principal positions by appointment in 2004 is not probative of pretext or discrimination regarding the only alleged discriminatory employment decision at issue in this case – Linton's 2003 application for a principal position.  The defendant points out that the plaintiff's amended complaint in this action does not allege that she was denied a principal position in 2004 because of her race, or in retaliation for filing a discrimination charge or lawsuit prior to that time.  The defendant states that the only claim at issue in this case is that the defendant discriminated against Linton by denying her a principal position in 2003 because of her race.  The defendant argues that Linton's failure to challenge those actions, the post hoc nature of the review, and the time lapse between the events should certainly be factored into their probative value at summary judgment.  The defendant acknowledges that the Magistrate Judge stated in a footnote that it had not challenged the appropriateness of considering this evidence, however, the defendant argues that it dedicated a significant argument to this evidence in its Reply Memorandum and has certainly not conceded either its relevance or probative value.  This Court has reviewed the defendant's Reply Memorandum and finds that the defendant did not make an argument as to the relevance or probative value of this evidence.  The defendant only argued the merits of its actions in 2004.  Thus, it would be inappropriate for this Court to entertain this additional argument that the evidence is not relevant or probative, at the summary judgment stage, as it was not presented to the Magistrate Judge.  See e.g., Marshall v. Charter, 75 F.3d 1421, 1426 (10th cir. 1996) (issues first raised in objections deemed waived); Greenhow v. Sec'y of Health & Human Servs., 863 F.2d 633, 638 (9th Cir. 1988) (Magistrates Act not "intended to give litigants an opportunity to run one

version of their case past the magistrate, then another past the district court."), overruled in part on other grounds, United States v. Hardesty, 977 F.2d 1347, 1348 (9th Cir. 1992) (*en banc*); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987) ("Parties must take before the magistrate, not only their best shot but all of their shots").

In this objection, the defendant also argues the merits of its decisions in 2004 to appoint white females to two principal positions, rather than posting or interviewing for the position. The defendant states that the Magistrate Judge erred when he found that the defendant's appointment of two white females to principal positions in 2004 should also be considered evidence that the reasons articulated for not hiring Linton for a principal position in 2003 were a pretext because it represented an apparent deviation from the defendant's regular practice of posting vacancies. The defendant argues again that several federal courts in other circuits have held that when the purported deviation affects not just the plaintiff but all other candidates, it is not evidence of pretext. However, in this case, with regard to the 2004 appointments, there were no other candidates because the defendant chose to deviate from its regular practice and not post or interview for the positions. Furthermore, this Court is simply not persuaded by the defendant's argument that the 2004 appointments are not evidence of pretext because it affected everyone. As the Magistrate Judge stated in his Report, it is undisputed that Dr. Dinkins never had appointed a person to a principal's position without posting or interviewing for the position. It is undisputed that Dr. Dinkins appointed two white females into these positions and that neither of these positions were posted and no one was interviewed for either position. Additionally, this Court agrees with the Magistrate Judge's finding that in the light most favorable to the plaintiff, Dr. Dinkins knew the plaintiff was interested in the positions. In the objections to the Magistrate Judge's Report, the defendant offers similar explanations for Dr. Dinkin's action as those that were presented in the Defendant's Reply Memorandum. This Court agrees with the Magistrate Judge's

7

finding that while these explanations may be perfectly plausible for the actions that were taken, however, at the summary judgment stage all of the facts and inferences to be drawn therefrom must be viewed in the light most favorable to the plaintiff. Considering such, this Court concurs with the Magistrate Judge's finding that a reasonable juror could conclude that race was a factor in the defendant's decision not to promote the plaintiff to a position as principal and such a conclusion could be probative of the pretextual nature of the legitimate, nondiscriminatory reasons for not hiring Linton for the principal position in 2003. Therefore, the defendant's objection in this regard is overruled.

## Conclusion

For the foregoing reasons, the Court overrules all objections to the Magistrate Judge's Report and Recommendation, adopts the Report and Recommendation and incorporates it herein by reference as modified by this Order. Accordingly, the defendant's motion for summary judgment regarding the plaintiff's claims under Title VII and § 1981 via § 1983 is **DENIED**. Additionally, no objections have been filed regarding the Magistrate Judge's recommendation that summary judgment be granted as to the plaintiff's breach of contract cause of action under state law. As such, summary judgment is hereby **GRANTED** with regard to that cause of action. In the event the parties have not mediated this case, they are hereby **ORDERED** to do so within thirty (30) days of the date this Order is entered. This case will be set for trial during this Court's November 2005 term. Counsel is instructed to comply with this Court's requirements regarding pretrial briefs, joint jury instructions, etc.

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

Florence, South Carolina
September 27, 2005